UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ODYSSEUS MARKETING, INC., and<br>WALTER RINES,<br><br>　　　　　　　　　　Defendants. | Civil No. 05-CV-330-SM |

**MODIFIED STIPULATED
PRELIMINARY INJUNCTION ORDER**

1. Jurisdiction over the subject matter and all parties is vested in this Court, and venue is proper;

2. The complaint states a claim upon which relief may be granted against Defendants under 15 U.S.C. §§ 45(a);

3. Defendants Odysseus Marketing, Inc. and Walter Rines have likely engaged in acts and practices that violate Section 5(a) of the Federal Trade Commission ("FTC" or "Commission") Act, 15 U.S.C. §§ 45(a). Accordingly, the Commission is likely to prevail on the merits of this action;

4. Weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction order and other equitable relief is in the public interest;

5. No security is required of any agency of the United States in connection with the issuance of a preliminary injunction order. Fed. R. Civ. P. 65(c);

6. This Modified Stipulated Preliminary Injunction Order ("Order") supercedes the Stipulated Preliminary Injunction Order entered on October 7, 2006 ("October Order"); and

7. The Commission and Defendants Odysseus Marketing, Inc. and Walter Rines have agreed to entry of this Modified Stipulated Preliminary Injunction Order. By agreeing to entry of this Order, Defendants Odysseus Marketing, Inc. and Walter Rines are not admitting liability for the matters alleged in the Complaint, other than jurisdictional facts.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. "Odysseus" means Odysseus Marketing, Inc., a New Hampshire corporation with its principal place of business at 6 Laurel Lane, Stratham, New Hampshire 03885.

2. "Rines" means Walter Rines, individually and as an officer and director of Odysseus.

3. "Defendants" means Odysseus and Rines, and each of their successors, assigns, officers, agents, servants, employees, salespersons, subsidiaries, or affiliates.

4. "Kazanon" means the software program, including any and all versions, that Defendants advertise through the web site www.kazanon.com.

5. "Clientman" means the group of files, registry keys, and components, including, but not limited to, the file msmc.exe, that Defendants download to computers in connection with Kazanon and is referenced at www.odysseusmarketing.com/uninstall.

6. "Uninstall" means: (a) removing a software program from a computer; (b) removing all files, registry keys, and components that were added to the computer when such software program was initially installed; (c) removing all files, registry keys, and components that

were subsequently generated by such software program; (d) restoring all files, registry keys, and components that such software program caused to be altered; and (e) preventing the reinstallation of such software program or any of its files, registry keys, or components.

7. "Operating System" means the computer system software responsible for managing and controlling the computer's hardware and computer resources and its basic operations, including providing a platform on which to download, install, and run any software program.

8. "Clearly and conspicuously" means that the disclosure shall be unavoidable and shall be presented prior to the consumer installing or downloading any software code, program, or content and prior to the consumer incurring any financial obligation. The disclosure shall be of a size and shade, and shall appear on the screen for a duration, sufficient for an ordinary consumer to read and comprehend it. The disclosure shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any advertisement.

9. "Personally identifiable information" means identifiable information from or about an individual including, but not limited to: (a) a first and last name; (b) a home or other physical address, including street name, name of a city or town, and zip code; (c) an email address or other online contact information, such as an instant messaging user identifier or a screen name that reveals an individual's email address; (d) a telephone number; (e) a Social Security Number, tax identification number, passport number, driver's license number, or any other government-issued identification number; (f) a financial account

3

number, in combination with any information necessary to access the account; (g) an Internet Protocol ("IP") address or host name that identifies an individual; (h) a persistent identifier, such as a customer number held in a "cookie" or processor serial number, that is combined with other available data that identifies an individual; or (i) any information that is combined with (a) through (h) above.

10. "Assets" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Defendant, or held for the benefit of any Defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of any Defendant, any Defendant's minor children, or any Defendant's spouse.

11. "Document" is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts. Internet sites, Web pages, Web sites, correspondence (including electronic correspondence), photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from

4

which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

12. The "World Wide Web" or the "Web" is a system used on the Internet for cross-referencing and retrieving information. Documents ("pages" or "sites") on the World Wide Web are most frequently formatted in HyperText Markup Language ("HTML"), which supports links to other documents on the World Wide Web.

13. A "web site" is a set of electronic files or documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the Web and standard Internet browser software.

14. A "web page" is a single electronic document on the World Wide Web, readily viewable on a computer by anyone with access to the Web and standard Internet browser software. Every web page on the World Wide Web is identified by a globally unique address.

15. A "web browser" is a software application used to view, download, upload, surf or otherwise access documents ("pages" or "sites") on the World Wide Web. Web browsers read coded documents that reside on servers, and interpret the coding into what users see rendered as a web page or web site. A user may retrieve and view a web page or site by entering the Uniform Resource Locator ("URL") or domain name of the web page in the address bar of the web browser.

16. A "Host" or "Hosting Company" is the party that provides the infrastructure for a computer service. With respect to web pages and web sites, a Host or Hosting Company maintains "Internet servers" – the computers on which web sites, web pages, Internet files, or resources reside. The Host or Hosting Company also maintains the communication lines required to link the server to the Internet.

17. "Internet Service Provider" is the party that provides users access to the Internet.

18. "Affiliate program" is an arrangement under which an online merchant pays another (the "affiliate") to market and/or advertise goods, software programs, or services on the merchant's behalf, with the affiliate being paid based on performances measures, typically sales, downloads, clicks on banner ads, or registrations, for which its activities were responsible.

19. A "security vulnerability" means a weakness, flaw, or bug in a software program or application that can be used to increase access privileges to a computer system, compromise data stored on it, or control its operation.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS HEREBY ORDERED** that Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division or other device, are hereby enjoined from, or assisting others in, publishing, disseminating, or distributing on or through the Internet, the World Wide Web, any bulletin board system, File Transfer Protocol ("FTP"), electronic-mail, instant message, web page, or web site, any software script, code, or other content that exploits a security vulnerability of any computer operating system, web browser, or other application to download or install onto any computer any software code, program, script, or content.

**II.**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division or other device, are hereby enjoined from, or assisting others in:

- A. Selling, renting, leasing, transferring or otherwise disclosing any personally identifiable information of any person from whom or about whom Defendants obtained such information in connection with the distribution of Ipend, Datastorm, Clientman software or other Internet-related activities;

- B. Benefitting from or using any personally identifiable information of any person from whom or about whom Defendants obtained such information in connection with the distribution of Ipend, Datastorm, Clientman software or other Internet-related activities;

- C. Further obtaining any personally identifiable information of any person in connection with the distribution of Ipend, Datastorm, Clientman software or other Internet-related activities.

*Provided, however,* that Defendants may disclose such information to a law enforcement agency or as required by any law, regulation, court order, or judicial proceeding.

7

**III.**

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the developing, labeling, advertising, promotion, offering for sale, sale, distribution, or downloading of Kazanon, or any other software program, are hereby enjoined from making, or assisting others in making, expressly or by implication, including through the use of endorsements, any representation that such product makes users of peer-to-peer file-sharing programs anonymous, and that therefore no one will discover their identity, or their computers' IP address or location, when they download or trade music, movies, software, or any other data, sound, or video file over the Internet.

**IV.**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division or other device, are hereby enjoined from, or assisting others in, distributing, or causing consumers to download or install, any software program, code, script, or any other content that (a) displays any advertising; (b) modifies any web browser or operating system software; or (c) collects personally identifiable information or passwords or codes that enable access to such information unless Defendants first clearly and conspicuously disclose the effects that downloading such software would have on consumers' computers.

## V.

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division or other device, are hereby enjoined from, or assisting others in, distributing, or causing consumers to download or install, any software program, code, script, or any other content that: (a) displays any advertising; (b) modifies any web browser or operating system software; or (c) collects personally identifiable information or any passwords or codes that enable access to such information; without providing a reasonable and effective means to uninstall such software program, code, script, and any other content from the computer on which it is installed, either through the use of the default uninstall utility of the computer's operating system or an uninstall utility that is included with such software program, code, script, or other content.

## VI.

**IT IS FURTHER ORDERED** that Defendants, for each version of Kazanon and Clientman, shall within seven (7) days after entry of this Order provide to counsel for the Commission a software utility that is effective in uninstalling all files, registry keys, and components that such programs download and install to the computer.

## VII.

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division or other device, in connection with distributing or downloading any software program, code, script, or other content, are hereby enjoined from, or assisting others in deleting, modifying, altering, or replacing files contained in the System32 folder of any Microsoft Windows operating system.

## MAINTENANCE OF RECORDS

## VIII.

**IT IS FURTHER ORDERED** that the Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, whether acting directly or through any corporation, subsidiary, division or other device, are hereby enjoined from:

- A. Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the Defendants;
- B. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, checks (fronts and backs), correspondence, forms, advertisements

    (including but not limited to advertisements placed on the World Wide Web or the Internet), brochures, manuals, electronically stored data (including but not limited to floppy disks and hard drives, CD-ROMS, zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved, any and all equipment needed to read any such material, FTP logs, Service Access Logs, USENET Newsgroups postings, World Wide Web pages, contracts, accounting data, banking records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, any information collected from consumers' computers, other documents of any kind, including information stored in computer-maintained form (such as electronic mail), in their possession, and other documents or records of any kind that relate to the business practices or finances of the Defendants; and

C.     Failing to maintain complete records of communications with consumers, including consumer complaints and disputes, and any responses made to those complaints or disputes, whether those complaints or disputes come from the consumer or any intermediary, such as a government agency, Better Business Bureau or affiliate.

**NEW BUSINESSES OR BUSINESS PRACTICES**

**IX.**

**IT IS FURTHER ORDERED** that the Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, whether acting

11

directly or through any corporation, subsidiary, division or other device, are hereby enjoined from:

    A.    Creating, operating, or exercising any control over any business entity, including, but not limited to, any partnership, limited partnership, joint venture, sole proprietorship, international business corporation, or any other corporation, without first providing the Commission with a written statement disclosing:

        1.    the name of the business entity;

        2.    the address and telephone number of the business entity;

        3.    the names of the business entity's officers, directors, principals, managers, and employees; and

        4.    a detailed description of the business entity's intended activities;

    B.    Creating, operating, or exercising any control over any web site, FTP site, bulletin board, or Internet server without first providing the Commission a written statement disclosing:

        1.    its domain name;

        2.    its IP address;

        3.    its Host or Host Company, including contact information; and

        4.    the uniform resource locator ("URL") for each resource, page, or file contained in it; and

    C.    Distributing any software program through any Internet server or web site that Defendants operate or exercise any control over without first providing the Commission with:

1. a written statement disclosing the nature, purpose and effect of the program;

2. a written statement describing the methods by which Defendants distribute the program, including any disclosures presented to users before distribution; and

3. a copy of the program.

## ACCOUNTING

## X.

**IT IS FURTHER ORDERED** that:

A. The Defendants shall, within three (3) business days after entry of the October Order, prepare and provide to counsel for the Commission a detailed and accurate accounting, verified under oath, that sets forth:

1. The domain name and IP address for each web site, FTP site, bulletin board, or Internet server controlled by Defendants, and the URL of each resource, page, or file contained in it;

2. For each web site, FTP site, bulletin board, or Internet server identified in response to Part VIII.A.1, the full name, address, and telephone number of its Host or Host Company;

3. The full name and contact information for Defendants' Internet Service Provider(s);

4. For each web site, FTP site, bulletin board, or Internet server identified in response to Part VIII.A.1, the type and format of any information Defendants collect from consumers' computers;

5. All gross revenues collected and obtained through Defendants' Internet marketing activities, including, but not limited to, revenues collected through participation in affiliate programs, and the source of all such revenues;

6. All net profits obtained from Defendants' Internet marketing activities;

7. All revenues and profits obtained through affiliate programs, broken down by affiliate program;

8. The full name and contact information for each company, entity, or person who has paid Defendants since September 1, 2003 in connection with any Internet marketing activities;

9. The full name and contact information for each company, entity, or person who Defendants have paid since September 1, 2003 to procure the download of Clientman;

10. The full name and contact information for each financial institution with which Defendants have accounts containing assets or otherwise relating to Defendants' Internet marketing activities; and

11. The full name and contact information for any person who has developed, created, modified, or managed any software code, script, or content on Defendants' behalf.

B. The Defendants each shall, within thirty (30) days after entry of the October Order, prepare and provide to the Commission a complete and accurate financial statement, signed under penalty of perjury, on the form attached to the October Order as Attachment A (for Rines) or Attachment B (for Odysseus).

    C.      The Defendants each shall, within (3) business days after entry of the October Order, provide the Commission with access to records and documents pertaining to assets of each Defendant that are held by financial institutions outside the United States, by signing a document entitled "Consent to Release of Financial Records" in the form attached to this Order as Attachment C.

## PRODUCTION OF BUSINESS RECORDS

### XI.

**IT IS FURTHER ORDERED** that the Defendants shall, within twenty-four (24) hours of entry of the October Order, produce to the Commission for inspection, inventory and/or copying, at a location designated by the Commission, or make available to the Commission's employees, agents, and assistants:

    A.      All documents, information, products, data, and materials relating or referring, directly or indirectly, to:

        1.      any web sites, web pages, and Internet servers operated or controlled by Defendants, including any Hosts or Host Companies;

        2.      any business relationship between any of the Defendants and any other business entity in connection with Internet marketing activities, including, but not limited to, participation in affiliate programs;

        3.      any transaction, correspondence, or other communication by or between any of Defendants and any business entity in connection with Internet marketing activities;

        4.      revenues obtained through Defendants' Internet marketing activities;

        5.      Defendants' financial status, including but not limited to, the nature or

     location of any bank account, safe deposit box, or other asset of any Defendant;

  6. the identity of all consumers of www.kazanon.com and all consumers on whose computers Kazanon or Clientman is or has been downloaded and/or installed;

  7. any transaction, correspondence, or other communication by or between any consumer and any of the Defendants or any representatives, employees, agents, officers, servants, or assistants of the Defendants; and

  8. any action, correspondence or other communication by or between any law enforcement agency, consumer group, Better Business Bureau or affiliate and the Defendants, or any representatives, employees, agents, officers, servants, or assistants of the Defendants.

B. All computers, or data in whatever form, used by the Defendant, in whole or in part, relating to Defendants' business, including but not limited to all Internet servers, and all storage devices (including, but not limited to, floppy disks, hard drives, CD-ROM, zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved, and any and all equipment needed to read any such material.

The Commission shall return materials so removed, or produced by the Defendants, within three (3) business days of completing said inventory and copying.

## EXPEDITED DISCOVERY

## XII.

**IT IS FURTHER ORDERED** that the Commission is granted leave at any time after providing notice of this Order by personal service or otherwise, including by facsimile, to depose or demand the production of documents from any person or entity relating to Defendants' business activities and the nature, status, extent, location or other relevant information relating to any assets, income, personal or business financial records of any of the Defendants, or to the location of any potential defendant. Ten (10) days shall be deemed sufficient for any such production of documents from or depositions of the Defendants, and five (5) days notice shall be deemed sufficient for any such production of documents from or depositions of any other person or entity, including but not limited to any Internet service provider, Host or Host Company, sponsor of an affiliate program, bank, savings and loan, financial or brokerage institution, fund, escrow agent, or trustee. The production of documents submitted pursuant to this provision shall not in any way waive the Commission's rights to seek the production of additional documents.

## DISTRIBUTION OF ORDER BY DEFENDANTS

## XIII.

**IT IS FURTHER ORDERED** that the Defendants shall immediately provide a copy of this Order to each affiliate, partner, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, salesperson, agent, attorney, Internet service provider, and representative of the Defendants, and within ten (10) days following service of this Order by the Commission, shall provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that the Defendants have served with a copy of this Order in compliance with this provision.

## SERVICE OF THIS ORDER BY PLAINTIFF

### XIV.

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the Commission or any state or federal law enforcement agency, on:

- A. Any Defendant in this action;

- B. Any financial or brokerage institution, entity or person that holds, controls, or maintains custody of any account or asset of the Defendants;

- C. Any Internet service provider, Host, Host Company, or other entity that provides Internet related services to Defendants; or

- D. Any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

## RIGHT TO INVESTIGATE AND ADD ADDITIONAL PARTIES AND CLAIMS

### XV.

Nothing in this Order should be construed as limiting or restricting the Commission's right or ability to investigate, take discovery from, add to this action or bring further actions against any persons or entities not specifically named herein as a defendant who may be in active concert or participation with any of the Defendants.

**SO ORDERED,** this 19th day of April, 2006, at 4:11 P.M.

/s/ Steven J. McAuliffe
HON. STEVEN J. MCAULIFFE
Chief Judge, District of New Hampshire

**SO STIPULATED:**

/s/ Rosemary Rosso
ROSEMARY ROSSO (New York Bar No. 1729730
TRACY R. SHAPIRO (California Bar No. 220811)
Federal Trade Commission
601 New Jersey Avenue, N.W.
NJ-3212
Washington, D.C. 20001
(202) 326-3327, -2343 (voice)
(202) 326-3259 (fax)

ATTORNEYS FOR PLAINTIFF

/s/ Walter Rines
WALTER RINES, individually, and as the officer of
Odysseus Marketing, Inc.

/s/ Peter Doyle
PETER DOYLE (Bar No. 4053)
Shaines and McEachern
25 Maplewood Avenue
PO Box 360
Portsmouth, NH 03802-0360
(603) 436-3110
(603) 436-2993

ATTORNEY FOR DEFENDANTS