UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Federal Trade Commission,
     Plaintiff

     v.                                  Civil No. 05-cv-330-SM
                                         Opinion No. 2008 DNH 183
Odysseus Marketing, Inc.,
and Walter W. Rines,
     Defendants

## CIVIL CONTEMPT ORDER

WHEREAS this court has fully considered the Commission's
motion and supporting papers, as well as the full record, and
applicable case and statutory law, and has concluded that
contempt defendants are in civil contempt, the court now finds as
follows:

1.    The contempt defendants received actual notice of this
court's Permanent Injunction.

2.    The contempt defendants acted in concert or
participation with each other collecting Internet users'
personally identifiable information without those users' prior,
express consent.

3.    The contempt defendants' actions violated Paragraph IV
A of the court's Permanent Injunction.  That violation commenced
no later than November 2006.


4.    The evidence further indicates that defendant Rines
violated Paragraph IX of the Permanent Injunction by failing to
procure a $500,000 performance bond or to provide the FTC with a
copy of that bond before participating or assisting others in the
downloading of code or other content that causes the display of
an advertisement, or collects any personally identifiable
information, in violation of Paragraph IX of the court's
Permanent Injunction.  This violation commenced no later than
November 2006.


5.    The evidence further indicates that the harm caused by
the contempt defendants' contumacious conduct is at least
$555,850.04, a fair approximation of the revenue generated by the
activity engaged in in violation of the permanent injunction.


6.    The court finds defendant Rines and contempt defendants
Wallace and OTM in civil contempt of its Permanent Injunction,
and deems it necessary to issue the present Civil Contempt Order
to coerce compliance with the Permanent Injunction and to order
the contempt defendants to pay for harm resulting from their

contumacious conduct, by disgorging revenues obtained in
violation of its provisions..


7.   Entry of this Order is in the public interest.


8.   This action and the relief awarded herein are in
addition to, and not in lieu of, other remedies as may be
provided by law, including both civil and criminal remedies,
except as otherwise provided herein.


I.

IT IS ORDERED that the contempt defendants shall pay,
jointly and severally for the harm caused as a result of their
contempt, the amount of $555,850.04, representing disgorgement of
revenue obtained in violation of the permanent injunction, by the
close of business on October 31, 2008.  Defendants shall not,
however, be obligated to disgorge more than that total amount,
whether paid in this case or another civil action or proceeding
(e.g., MySpace, Inc. v. Wallace, No. 07-cv-1929 (C.D. Cal)).


II.

IT IS FURTHER ORDERED that there is no just reason for delay
of entry of this Order, and, pursuant to Fed. R. Civ. P. 54(b),
the Clerk shall enter this Order immediately.

III.

IT IS FURTHER ORDERED the court shall continue to retain

jurisdiction of this matter for all purposes.


**SO ORDERED**.

_____
Steven J. McAuliffe
Chief Judge

September 30, 2008

cc:  Joshua S. Millard, Esq.
     Frank M. Gorman, Esq.
     Peter V. Doyle, Esq.